# Shmulevitz Law
ATTORNEYS AT LAW

Sarit Shmulevitz, Esq.
Office: (212) 330-7636
Cell: (917) 239-8397

1133 Broadway
Suite 708
New York, NY 10010

Judge Robert D. Drain
United States Bankruptcy Judge
For the Southern District of New York
300 Quarropas Street
White Plains NY 10601-4140

**VIA E-MAIL**

November 19, 2012

To the Honorable Judge Drain,

Re:    In Re: Aaron and Karin Tzamarot
       Case No. 09-24277
       **Hearing Scheduled November 20, 2012**

I write in connection with the above-referenced case. We are scheduled to appear before Your Honor tomorrow, and on the calendar we have the Motion to Amend the Debtors' Complaint, as well as some issues in the main case that include the Debtors' Motion to, *inter alia*, terminate counsel. We also have my own motion to be retained which I understand is a prerequisite to my fee application.

As a starting point, I do not object to the Debtors changing counsel and will file a motion to withdraw shortly. When I first came onto the case, the Debtors' main goal was to have their grievances against Coldstone heard, and I agreed to help them on this front. Now that the litigation against Coldstone is under way, they want to pursue other actions against, *inter alia*, a major bank, and this is not something I agreed to undertake.

The question before the Court is what to do with the Debtors' purported Motion to Recoup Funds. From a legal perspective, their papers are defective in many ways. First, at least two of the parties impacted by their papers were not served. Second, the papers raise novel issues and require a memorandum of law so that professionals understand the underlying legal authority for their request. Third, to the extent they seek to recoup funds, they must do so in an adversary complaint that sets forth the facts. Fourth, they are estopped from recouping funds after the services they demanded were rendered. All of the professionals are owed thousands of dollars from the Debtors, and the Debtors should not be able to recoup funds from former professionals to bankroll their litigation ambitions. I was assured that the funds I was paid were third party funds, and I understand from other attorneys that they were told the exact same thing.

With respect to the attorneys they propose take over the case, there are several issues. First, there is an issue with replacing one small bankruptcy firm with low billing rates with two firms, each of which would bill at double the hourly rate. It seems to me that the Debtors are not in the financial position to

pay a $20,000 retainer. I was very generous with my time towards the Tzamarots because I understood them to be in a bad financial situation. So, either I was not told the truth or they do not have $20,000 to pay new counsel. If they wish to litigate then they should do so *pro se* or find an attorney whose billing rates are more in line with their financial condition. I also understand that there are two potential conflicts with the proposed firms. Paul Steinberg, their attorney for the adversary proceeding, has stated on the record that he would need to withdraw if the new attorneys are brought in due to a conflict. Moreover, one of the Debtors' former attorneys has told me that the proposed firms have a conflict vis-à-vis himself that was not disclosed in the retention papers.

With respect to the Debtors' Motion to Amend their Complaint that is on the calendar tomorrow, myself and Paul Steinberg tried to reach out to the Debtors last week to set up a meeting to garner their input, but the Debtors did not respond to our e-mail. We will move forward as best as we can and try to take as little of the Court's time as possible given the Court's busy schedule with Hostess and other matters.

Respectfully submitted,

*[signature]*

Sarit Shmulevitz
shmulevitz@shmulevitzlaw.com
(917) 239-8397

Cc: Aaron and Karin Tzamarot, Via E-mail
Richard Morrissey, Esq. Via E-mail
Paul Steinberg, Esq. Via E-mail